[Civ. No. 3446. Third Appellate District.—May 29, 1928.]

J. R. ADAMS, Appellant, v. TUXEDO LAND COMPANY et al., Respondents.

A. H. Carpenter for Appellant.

Louttit, Stewart & Louttit and McNoble & Arndt for Respondents.

THE COURT.—Plaintiff began this action to recover damages for injuries sustained in an automobile collision alleged to have been due to the negligence of John Stange, an employee of the Tuxedo Land Company. The defendants had judgment and the plaintiff appeals.

Only two questions are presented for consideration: First: Was the defendant John Stange guilty of negligence, proximately causing the injury? And, second: Was he, at the time of the collision, acting within the scope of his employment as a laborer of the Tuxedo Land Company?

The appellant urges an additional point for consideration, to wit: That the court erred in overruling plain-

tiff's demurrer to the cross-complaint by John Stange, wherein judgment was asked against the plaintiff in the sum of $57. As no judgment for damages was awarded the defendant Stange, whether the court erred in so ruling is wholly immaterial.

The transcript shows that the Tuxedo Land Company is a corporation and the owner of a subdivision within the corporate limits of the city of Stockton. Its business was the sale of lots, laying of sidewalks, water pipes, setting out trees, and other work in connection with improving the subdivision known as Tuxedo Park. John Stange was an employee of the company. His duties were those of a laborer, and his work, principally, was laying sidewalks, planting trees, laying pipes, etc. The Tuxedo Land Company owned and maintained a pumping plant in the subdivision. At this place they had a storehouse. The defendant Stange drove to his work each morning in a Ford car owned by himself. The testimony shows that he would go to the storehouse, get such tools as he needed, put them in his car and drive to the place where the work was to be done. That about 12 o'clock he would quit his work, get into his Ford car and drive to the pumping plant and there eat his lunch, after which, at about 1 o'clock, he would return to his work. The company owned and furnished a wheelbarrow for the transportation of tools, etc., but as a matter of convenience, the defendant Stange usually transported such tools in his Ford car. At the time of the accident, which occurred during the noon hour, the defendant Stange was driving in his own Ford car from his work to the pumping plant for the purpose of eating his lunch. The testimony shows that at that time he was not transacting any business for the company. He was not going to the pumping plant on any mission for the company, nor was he transporting any property belonging to the company, but was going there to eat his own lunch, as herein stated. At the time of the collision he was driving south on a certain street in Tuxedo Park known as and called Alston Way, while the plaintiff, at the time of the collision was driving easterly on North Tuxedo Avenue. The defendant was accompanied by a fellow workman named John Condon.

■ At the time of the collision the Motor Vehicle Act provided that "an operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right, unless such vehicle approaching from the right is further from the point of the intersection of their paths than the first named vehicle." [Stats. 1919, p. 215, sec. 12.] The court found, among other things, that at the time of the collision the defendant John Stange was operating his Ford car at a speed of not more than 15 miles per hour, and that the plaintiff, at that period of time was operating his automobile at a speed in excess of 25 miles per hour, and carelessly and negligently drove his automobile in front of the Ford car operated by the defendant Stange, and that at the time of the collision the plaintiff was negligently and carelessly operating his automobile in violation of the provisions of the Motor Vehicle Act, and that such negligent operation was the proximate cause of the collision and contributed directly to the plaintiff's injuries. The court further found that at the time of the collision the defendant John Stange was not operating his Ford car in the service of the defendant corporation, but was operating the same upon his own independent mission. And as a result of such findings it was adjudged that the plaintiff take nothing as against either defendant.

The testimony of the defendant Stange and of the witness Condon, who was riding with him, is to the effect that the defendant Stange, at the time he entered the intersection where the collision occurred, was driving the Ford car at a speed between 12 and 15 miles per hour, and that the plaintiff, at the time the Ford car, driven by Stange, entered the intersection, was some 75 feet distant therefrom, and according to the testimony of Stange, traveling at the rate of 30 miles per hour. There is also testimony in the transcript to the effect that the plaintiff, after the collision, stated that he was to blame; that he was in a hurry and wanted to catch a train; that he was intending to go up to the mountains to do some surveying. ■ The testimony of the defendant Stange and the witness Condon is also to the effect that they were on their way from work to the pumping plant to eat their lunch; that they were riding in a Ford car belonging to the defendant Stange; that they were not transporting any property belonging to

the company. The testimony to which we have referred, if believed by the trial court, amply supports the findings, and the findings support the judgment. That there may have been some conflicting testimony is wholly immaterial here. The evidence is likewise sufficient, if believed by the trial court, to show that at the time of the accident the defendant Stange was upon his own independent mission, and was not in the service of the defendant, Tuxedo Land Company. The cases cited by the appellant, while applicable to the facts presented in each case, are not pertinent here by reason of the facts shown by the testimony as herein referred to. Under the facts presented by the record before us, the following cases set forth the law, showing that unless the defendant Stange, at the very time of the accident, was in the service of the Tuxedo Land Company, then and in that case the Tuxedo Land Company would not be responsible for his negligence. (*Mauchle* v. *Panama-Pac. Int. Exp. Co.*, 37 Cal. App. 715 [174 Pac. 400]; *Nussbaum* v. *Traung Label Co.*, 46 Cal. App. 561 [189 Pac. 728]; *Kish* v. *State Automobile Assn.*, 190 Cal. 246 [212 Pac. 27].) Other cases might be cited, but these state the law applicable here.

The judgment is affirmed.