[Civ. No. 715. Fourth Appellate District.—April 23, 1931.]

JACK HELM, Appellant, v. A. M. BAGLEY, Defendant; EASY HOUSEKEEPING SHOP (a Corporation), Respondent.

Bertrand J. Wellman and Edward Brody for Appellant.

Joe Crider, Jr., and Elber H. Tilson for Respondent.

MARKS, J.—Appellant was seriously injured on the eleventh day of September, 1926, in a collision between an automobile being driven by himself and one driven by A. M. Bagley, which occurred at a street intersection in the city of Los Angeles.

At the close of the plaintiff's case the respondent, Easy Housekeeping Shop, a corporation, made a motion for non-suit upon the ground that the plaintiff has failed to prove that A. M. Bagley was operating the automobile in the course of his employment by respondent, and that the evidence failed to show that Bagley was acting for or on behalf of the Easy Housekeeping Shop or within the scope of his employment by it. This motion was granted. The sole question to be determined upon this appeal is whether or not appellant's evidence was sufficient to raise an issue for the jury upon the question of whether or not Bagley was acting within the scope of his employment in driving the automobile at the time of the injury to appellant, the employment of Bagley by respondent being admitted.

The evidence upon which appellant must rely in order to establish his contention that Bagley was acting for his employer and within the scope of his employment is confined to the testimony of this defendant while a witness for appellant. Bagley testified that he was the district manager of respondent and had charge of several branch stores within his district which comprised certain territory within the city of Los Angeles. The city of Glendale was not included in his territory. He further testified that he received a salary of $250 per month, together with commissions on sales made within his district. In addition to his salary and commissions he received $50 per month for the use of his car when on the business of his employer. The stores closed at 6 o'clock in the evening, but Bagley had no regular hours of work and sometimes worked at night.

On the evening of the accident he was proceeding to his home from one of the branch stores in his district. He stopped to buy some groceries and then continued on his way home, where he intended to eat his dinner. The accident occurred between 5:30 and 5:45 o'clock in the evening when he was about three blocks from home. At this time

he had in his car some vacuum cleaner attachments which belonged to his employer. He did not know how long they had been in the car and was not taking them to any particular place as it was his habit to carry samples of the merchandise handled by his employer. His brother was the manager of the branch store of respondent in Glendale. It was Bagley's intention to visit his brother at this store after dinner. This comprises a summary of all the evidence contained in the record bearing upon the question of whether or not Bagley was acting within the scope of his employment at the time of the accident.

In the case of *Kish* v. *California State Automobile Assn.*, 190 Cal. 246 [212 Pac. 27, 29], it was said:

"It was insisted by plaintiff that the evidence adduced having conclusively shown the relation of master and servant, a *prima facie* case was made out of the responsibility of the master which must be overcome by the defendant, and that a nonsuit was, therefore, improper. But to recover against an employer upon the theory of *respondeat superior*, it is necessary for the plaintiff to establish the two distinct facts of (1) the status of master and servant and (2) that the act was done within the scope of the servant's employment. The latter is as important and vital to plaintiff's cause of action as the former. If the same testimony which proved the relationship of master and servant proved that at the time of the act for which it is claimed the master was liable, the servant was not acting within the scope of and in the course of his employment, the *prima facie* case made by plaintiff is rebutted by the very proof offered to prove the first fact. It is not necessary, therefore, for the defendant to negate the master's liability, inasmuch as the plaintiff has done so herself. The proof at that stage lacks an essential element to support plaintiff's cause of action and an order granting a nonsuit is, therefore, proper."

In the case of *Martinelli* v. *Bond*, 42 Cal. App. 209, [183 Pac. 462], it was said: "As soon as the driver steps aside from the owner's business and enters upon the performance of some independent purpose of his own, he ceases to act as the agent of the owner, and the latter's responsibility for his acts terminates."

■ We think it is clear from the evidence in this case that Bagley was not acting for his employer and within the scope of his employment at the time of the accident in returning to his own home for his dinner. He was in his own automobile and on his own business, which in no manner pertained to the business of his employer. He had stepped aside from his employer's business and had entered upon the performance of an independent purpose of his own.

It was further said in the case of *Kish* v. *California State Automobile Assn., supra:* "We cannot assent to the reasoning of plaintiff that because it was necessary for employees to eat and sleep in order to perform the labor for which they are employed that these acts are incidental to their employment."

■ While the eating of food may be necessary to keep up an employee's vitality so as to enable him to perform the duties of his employment, yet he cannot be said to be on his master's business or acting within the scope of his employment while eating, or on his way to eat, unless the act of partaking of or sampling refreshments be a duty of his employment, which in this case it was not.

The following cases have assisted us in reaching the conclusion that Bagley was not acting within the scope of his employment at the time of the accident: *Lane* v. *Bing,* 202 Cal. 577 [262 Pac. 317], *Gousse* v. *Lowe,* 41 Cal. App. 715 [183 Pac. 295], *Mauchle* v. *Panama-Pacific International Exposition Co.,* 37 Cal. App. 715 [174 Pac. 400], *Nussbaum* v. *Traung etc. Co.,* 46 Cal. App. 561 [189 Pac. 728], *Adams* v. *Tuxedo Land Co.,* 92 Cal. App. 266 [267 Pac. 926], and *Maupin* v. *Solomon,* 41 Cal. App. 323 [183 Pac. 198].

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 6, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1931.