[Civ. No. 10020. Second Appellate District, Division One.—December 26, 1935.]

BRUNO MARTINELLI et al., Appellants, v. BROGNARD STABNAU et al., Defendants; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Respondent.

C. P. Monningh, A. W. Brunton and Lauren M. Handley for Appellants.

Loeb, Walker & Loeb, Herman F. Selvin, Harry Friedman and Henry Duque for Respondent.

SHINN, J., *pro tem.*—Appeal by plaintiffs from a judgment in favor of defendant Prudential Insurance Company of America, in an action for personal injuries arising out of an automobile accident.

The appeal of plaintiffs comes to this court upon the judgment roll. Judgment was in their favor against defendant Stabnau and in favor of defendant Prudential Insurance Company. Gertrude Martinelli was struck and injured by an automobile operated by defendant Stabnau, who was employed by respondent Prudential Insurance Company under a written contract. By the terms of his employment Stabnau

was to solicit insurance business, collect premiums, deliver policies, and attend meetings of agents whenever and wherever designated by the corporation. He was required to devote his entire efforts and time to the interests of his employer; he had a certain territory in which to work, but was allowed and was often required to leave that territory and perform services in other localities. Within a few minutes before the accident he had been engaged in the business of the company. The court made the following finding: "It is true that at the time of the accident defendant, Brognard Stabnau, was not engaged in any of the duties required by his contract of employment to be performed for and on behalf of defendant, The Prudential Insurance Company of America; that at the time of said accident said defendant, Brognard Stabnau, was engaged in returning to his own home for the purpose of eating lunch and had terminated his business dealings prior to the time said collision occurred."

The case presents the sole question whether the employee, while on his way home to lunch, was acting in the service of his employer and not solely in his own behalf, while he was doing no act or thing which pertained to the business of his employer. The question contains its own answer. The finding we have quoted is conclusive as to the question of fact involved. The servant was not at the time of the accident actually performing any service for his employer. Therefore the latter was not responsible for his acts. (*Kish* v. *California State Automobile Assn.*, 190 Cal. 246 [212 Pac. 27]; *Adams* v. *Tuxedo Land Co.*, 92 Cal. App. 266 [267 Pac. 926]; *Rapp* v. *Southern Service Co.*, 116 Cal. App. 699 [4 Pac. (2d) 195]; *Bourne* v. *Northern Counties T. Ins. Co.*, 4 Cal. App. (2d) 69 [40 Pac. (2d) 583]; *Humphry* v. *Safeway Stores, Inc.*, 4 Cal. App. (2d) 589 [41 Pac. (2d) 208].)

Appellants contend that the finding to the effect that Stabnau was not acting within the scope of his employment is a mere conclusion of law. So it is in a case where the evidence upon the subject is not in conflict. (*Humphry* v. *Safeway Stores, Inc., supra.*) But where the evidence is conflicting upon the issue it is a finding of fact (*Dillon* v. *Prudential Insurance Co.*, 75 Cal. App. 266 [242 Pac. 736]), and if the finding was upon a question of mixed law and fact it would be binding on this court (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570].)

The evidentiary facts found by the court do not show that Stabnau was engaged in the business of his employer at the time of the accident. If these findings be accepted as a statement of all of the evidence relating to this question (and they must be so accepted upon the record before us) they are wholly insufficient to warrant a conclusion that Stabnau was acting within the scope of his employment. Upon the contrary, they would support the opposite conclusion, for it does not appear from the evidentiary facts found that Stabnau was on any mission except one of his own.

It is unnecessary to discuss the numerous cases cited by appellants in which the courts have held evidence to be sufficient to support findings that the employees involved in accidents were acting within the scope of their several employments. Suffice it to say that we think no authority will be found for the proposition that as a matter of fact, and much less as a matter of law, an employee who is going home to lunch, after having temporarily laid aside the duties of his employment, still remains actively engaged in the business of his employer.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1936.