[L. A. No. 16022. In Bank.—March 29, 1937.]

LEO D. PECCOLO, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Defendants; DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, J. M. Stevens, Assistant City Attorney, and Kenneth K. Scott, Deputy City Attorney, for Appellant.

Edw. C. Purpus for Respondent.

CURTIS, J.—After the decision of this cause by the District Court of Appeal, each of the parties thereto petitioned for a hearing in this court. The action is one to recover damages for injuries sustained in a collision between an automobile in which the respondent was riding and an auto truck driven by a third person. The automobile in which the respondent was riding at the time of his injury was owned by the Department of Water and Power of the City of Los Angeles, and was being driven by one of its employees. The trial court rendered judgment in favor of the respondent, the plaintiff in the action, in an amount exceeding the sum of $5,000. The District Court of Appeal reduced the judgment to $5,000. It held that while the driver of the automobile was negligent in the operation of the automobile, the Department of Water and Power was not liable for the injury due to his negligence, for the reason that the driver was not, at the time, in the service of his employer. It held that the collision in which respondent was injured occurred while the employee of the Department of Water and Power was taking time away from his work for the purpose of having his lunch and, therefore, his employer was not responsible for the employee's negligence during such period of absence from work. However, the appellate court held the Department of Water and Power, as the owner of said automobile, was liable under section 1714¼ of the Civil Code to the extent fixed by said section.

In his petition for hearing, the respondent contended that under the recent decision of this court in the case of *Megowan* v. *City of Los Angeles*, 7 Cal. (2d) 80 [59 Pac. (2d) 1012], the appellant, the Department of Water and Power, was liable

under the facts of this case for the negligence of its employee at the time of the collision. The appellant in its petition for a hearing contended that under the recent case of *Brindamour* v. *Murray*, 7 Cal. (2d) 73 [59 Pac. (2d) 1009], it was not liable in any amount for the injuries sustained by the respondent. The decision in each of these two last named cases was rendered less than a month after the decision of the District Court of Appeal was filed in the present case, and, of course, the decision in neither of said cases was before the District Court of Appeal during the consideration of its appeal in this case. It was for the purpose of giving consideration to these two recent decisions as they applied to the facts in this case, that the petitions herein were granted.

In our opinion, the legal effect of neither of these two recent decisions changes the result of the decision rendered by the District Court of Appeal in the present action. In the Megowan case, an automobile belonging to the city of Los Angeles, under the order of the captain of the fire department of said city, was being driven to the home of the president of the board of fire commissioners for the purpose of transporting him on a tour of inspection of the fire department equipment of said city. Before reaching the home of the president of the board of fire commissioners, a collision occurred between said automobile and another machine upon the streets of said city. It was held in the decision in that case that the use of said city-owned automobile for such purpose was lawful, and that, from the facts appearing therein, an inference was available to the plaintiff that the car was being operated for an authorized municipal purpose by an employee acting within the scope of his authority. Accordingly, the municipality was held responsible for the negligence of said employee, and liable in damages for the injuries sustained by the plaintiff as a result of said negligence. ■ No such inference is available to the respondent in the present action. The undisputed evidence is that the employee of the appellant was at the time of the collision using appellant's automobile for his own private purpose in returning to the place of his employment, after having had lunch at San Fernando, and that the collision in which the respondent was injured occurred on the public highway before the employee had reached his place of employment. Under the authorities cited in the opinion of the District Court of Appeal, the employer was not liable for the employee's negligence during the time he was

absent from his employment unless an obligation was imposed upon it by the provisions of section 1714¼ of the Civil Code.

The factual situation in the case of *Brindamour* v. *Murray, supra,* differs from that existing in the present action at least in one material respect. The instrumentality, the negligent use of which resulted in injury to the plaintiff in that action, was owned by the municipality and used by it exclusively in the maintenance of its police department. The maintenance of a police department is one of the governmental functions of a municipality. (See authorities cited in that case.) The automobile in which respondent in the present action was riding at the time he sustained his injury was owned by the Department of Water and Power, and used by it in the operation and maintenance of the city's light and power plant, a purely proprietary function of said city. When an injury arises from the exercise by a municipality of a mere proprietary right, or the performance of a proprietary function, it is liable for negligence like individuals or private corporations. (*Davoust* v. *City of Alameda,* 149 Cal. 69 [84 Pac. 760, 9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536]; *Chafor* v. *Long Beach,* 174 Cal. 478 [163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685]; *Morrison* v. *Smith Bros.,* 211 Cal. 36 [293 Pac. 53]; *Yolo* v. *Modesto Irr. Dist.,* 216 Cal. 274, 276 [13 Pac. (2d) 908].) There is no question in this case but that the automobile of the Department of Water and Power was being used at the time of the accident with the express permission of said department. It was, therefore, liable under the provisions of section 1714¼ of the Civil Code (now section 402 of the Vehicle Code of this state) to the person injured to the extent of $5,000.

We therefore find ourselves in complete accord with the opinion of the District Court of Appeal, written by Mr. Justice *Pro Tempore* Shinn, and we adopt the same as the opinion of this court in conjunction with the preceding discussion of our own. The opinion is as follows:

"Plaintiff was injured when an automobile in which he was riding, owned by appellant, referred to herein as defendant, and driven by its employee, A. G. Johnson, collided with a truck on a public highway when the driver, Johnson, fell asleep.

"The first contention of the defendant to be discussed is that plaintiff was a guest and not a passenger in the car and that defendant's liability, therefore, could exist only in

case of intoxication or wilful misconduct of the driver. Peccolo and Johnson were employees, respectively, of Southern California Edison Company and defendant Department of Water and Power of the City of Los Angeles. They were regularly engaged in a joint inspection of districts fringing the limits of the city of Los Angeles preliminary to a segregation of business, by agreement between their respective employers, vendors of electric energy. For their transportation they used automobiles, alternating each week between a car of the department and one of the company. When a water department car was being used, Johnson drove it and Peccolo rode with him; such was their manner of use and operation of the car on the day and at the time of the accident. Nothing of value was exchanged between them or between their principals for the transportation except by way of alternate use of the cars. Each employee, in return for the use of his employer's car by both employees one week, rode free in the car driven by the other employee the following week. In this manner the expense of transportation was shared, perhaps not equally, but approximately so, and upon a basis satisfactory to the employers. Thus the passage of each employee was paid for not in money but in transportation, which was undoubtedly compensation, fully creating the relation of carrier and passenger and not that of host and guest. (*Parrett* v. *Carothers,* 11 Cal. App. (2d) 222 [53 Pac. (2d) 1023] ; *Jensen* v. *Hansen,* 12 Cal. App. (2d) 678 [55 Pac. (2d) 1201].)

■ "The second contention of appellant is that the employees were engaged in a joint enterprise, as that term is used in negligence law. This point is not well taken. A joint enterprise which will hold each of those engaged therein responsible for the negligence of the others is one where there is not only a common purpose but also a common control or right to control the instrumentality of conveyance. That the two employees had a common purpose cannot be questioned, but it is not true that they had joint control of the operation of the machine or the right to such joint control. The testimony was that each drove the car which belonged to his employer and that the one who rode as a passenger carried a map consisting of a long, narrow strip showing power lines in the vicinity of the city boundary line, and that this map was checked and corrected according to actual conditions as they were found to exist. The only fair inference from the testi-

mony is that each employee was expected to drive the car of his employer, and there is no evidence that either ever deviated from that practice. In fact, then, there was no joint control. The principle is recognized that there may be an implied right of control, to be inferred from the legal relationship of the parties. In *Bryant* v. *Pacific Elec. Ry. Co.*, 174 Cal. 737 [164 Pac. 385], in rejecting the contention that a common purpose in driving an automobile is sufficient as a basis for the imputation of negligence of the driver to those sharing the common purpose with the driver, the court said, 'In our opinion, the doctrine of imputable negligence should not be so loosely applied. To do so leaves the law in an uncertain state. The better view is expressed by *Nonn* v. *Chicago City Ry. Co.*, 232 Ill. 378 [83 N. E. 924, 122 Am. St. Rep. 114] : "There can be no such thing as imputable negligence except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies." Indeed, no other rule is consistent with section 1714 of the Civil Code, wherein it is declared that everyone is responsible for an injury occasioned to another by his want of ordinary care "except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself." (Italics ours.)' This doctrine was reaffirmed in *Pope* v. *Halpern*, 193 Cal. 168 [223 Pac. 470], and has been consistently followed. Since, therefore, it can be said neither as a matter of fact nor of law that Peccolo shared with Johnson the control or right of control of the operation of the car, there is no basis for the claim that they were engaged in a joint enterprise so as to render the negligence of one imputable to the other.

    "The liability of defendant as owner consenting to the use of its automobile by Johnson was limited to the sum of $5,000 under the provisions of section 1714¼ of the Civil Code (now sections 400, 402 of the Vehicle Code) unless at the time of the accident Johnson was acting within the scope of his agency or employment. The verdict was for more than $5,000. It is claimed to be excessive because Johnson was not engaged in the service of his employer when the accident occurred. This contention must be upheld. The evidence shows that Johnson and Peccolo had discontinued work a

little before noon and had driven some miles in to San Fernando where they had lunch; that after lunch the car was driven down a side street and parked while the men read until 1 o'clock, at which time they started to drive back to the point where their work would be resumed in the afternoon. They had a mile or more to go when the collision with the truck occurred. There was testimony from an employee of Southern California Edison Company that the men were allowed an hour for lunch and, in addition thereto, whatever time it took to drive to and return from the place where they ate. The trial court evidently was of the opinion that while the men were traveling to work they were acting in the service of their employers. In a general way this would be true. They drove as nearly as possible to the city boundary lines checking power lines and while so traveling they were, of course, in the service of their employers, but in driving in to San Fernando to lunch they were serving their own interests exclusively. The return trip after lunch to the point where they had left off work at noon was made necessary by their departure therefrom upon their personal mission. At the time of the accident they had not yet returned to the service of their employers. The fact that they were allowed, in addition to an hour at noon, the time required to drive to and from the place where they had lunch has no bearing upon the purpose of their trip in to San Fernando, nor does it tend at all to prove that they were in the service of their employers during that time. It proves only that they were allowed something more than an hour for lunch.

"It is well settled by the authorities that an employee, while taking time away from his work for meals, is not in the service of his employer and that the latter therefore is not responsible for negligence of the employee during such periods of absence from work. (*Adams* v. *Tuxedo Land Co.*, 92 Cal. App. 266 [267 Pac. 926]; *Helm* v. *Bagley*, 113 Cal. App. 602 [298 Pac. 826]; *Martinelli* v. *Stabnau*, 11 Cal. App. (2d) 38 [52 Pac. (2d) 956].) The present case clearly falls within the foregoing rule. The evidence therefore fails to support the finding of the trial court that Johnson at the time of the accident was acting in the course and within the scope of his employment. The legal limit of defendant's liability to plaintiff was therefore $5,000.

■ "The further point is made that the court erred in admitting into evidence certain inter-office correspondence of

the Department of Water and Power. Over the defendant's objection the court admitted a letter written by the compensation division of the department to an assistant city attorney, stating that Johnson was engaged in his regular duty of making an inspection of certain power lines at the time of the accident. Likewise, over defendant's objection, there was admitted a report of the accident to the compensation division by Johnson, in which he stated that the accident was caused by his falling asleep (to which he testified at the trial), and evidence was also admitted to the effect that Johnson had received compensation from the department. One of the objections now urged is that the letter of the compensation department to the city attorney's office was priviliged, but as that objection was not made at the trial it may not be entertained here. Plaintiff's counsel stated, in reply to a question by the court, that the purpose of the evidence to which defendant objected was to show the employment of Johnson by the Department of Water and Power, a fact which was not disputed. If the evidence had a further tendency to show that Johnson was acting at the time of the accident in the course of his employment, any error which the court may have committed in receiving such evidence must be regarded as harmless in view of our conclusion that Johnson was not acting in behalf of his employer but wholly in his own interests at the time of the accident.''

The judgment is modified by reducing the amount thereof to the sum of $5,000 and, as modified, is affirmed.

Shenk, J., Thompson, J., Waste, C. J., Seawell, J., Edmonds, J., and Langdon, J., concurred.