[Civ. No. 5671. Third Appellate District.—June 26, 1937.]

J. HENRY CARNES, Respondent, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation) et al., Appellants.

Thomas J. Straub, Clinton F. Stanley and W. H. Spaulding for Appellants.

Clarence N. Riggins for Respondent.

PLUMMER, J.—The plaintiff in this action had judgment against both of the defendants in the sum of $10,000, for and on account of an injury sustained by the plaintiff in an automobile collision between an automobile driven by the plaintiff and an automobile driven by the defendant Kipsey, an employee of the Pacific Gas & Electric Company. The complaint is in two counts, count one charging that the collision occurred during the time the defendant Kipsey was acting in the scope of his employment. Count two is based upon the allegation that Kipsey at the time of the collision was driving a car belonging to the defendant Pacific Gas & Electric Company.

The pleadings admit that Kipsey at the time of the collision was driving a car belonging to the defendant Pacific Gas & Electric Company, but deny that the collision occurred at a time when he was acting within the scope of his employment.

The facts show that Kipsey was an employee of the Pacific Gas & Electric Company, and that his duties were to go from place to place reading meters, and also to collect amounts due the Pacific Gas & Electric Company from various con-

sumers of electricity. For this purpose he was furnished a Ford automobile. It appears that Kipsey would engage in reading meters and making collections until about noontime, when he would discontinue his employment in that capacity and usually drive to his home and get his lunch. After obtaining his lunch Kipsey usually would drive down past the office of the Pacific Gas & Electric Company to ascertain if there were any orders there respecting his employment. The collision involved in this action in which the plaintiff sustained injury, occurred when Kipsey was on his way home for the purpose of obtaining his lunch. It appears that during the noonhour Kipsey was free to go to any place which he desired for the purpose of obtaining his lunch, but that he usually drove to his home for that purpose.

No question is presented in the briefs as to the correctness of the verdict that Kipsey was negligent, and that his action constituted the primary cause of the injury sustained by the plaintiff. Nor is there any question made in the briefs that the amount of the verdict awarded plaintiff was or is excessive. In fact, there is but one question really presented upon this appeal, to wit: Was Kipsey acting within the scope of his employment at the time of the collision?

■ At the request of the plaintiff the court gave the following instruction:

"If the Pacific Gas & Electric Company employed Aaron S. Kipsey to visit the premises of its customers and furnished to Aaron S. Kipsey an automobile to be used by him in and about said business, and if the said Company permitted said Aaron S. Kipsey to keep said automobile when not in use in the garage in his home and to use it in going from his work to his home and from his home to his work and for the purpose of going to his lunch in the noon hour, and if on the day in question said Aaron S. Kipsey was collecting for said Company and using said automobile for said purpose and work all morning in said business till the noon hour arrived, and then proceeded to drive to his home in said automobile for his lunch, the said Aaron S. Kipsey was acting within the scope of his employment while he was driving home for lunch."

The appellant contends that this instruction is erroneous on two grounds: 1st. That the conclusion drawn is not warranted by the facts recited in the instruction, and also, that

it withdraws from the jury the ultimate fact in issue, to wit: Whether the defendant Kipsey was or was not acting within the scope of his employment.

As we read the instruction the contention of the appellant seems to be well taken. However, this does not necessitate an entire reversal of the judgment. As to the appellant Kipsey, his liability extends to the entire amount of the judgment, irrespective of whether he was or was not acting within the scope of his employment. As to the defendant Pacific Gas & Electric Company it affects only the amount of the recovery that should be awarded the plaintiff as against the Pacific Gas & Electric Company.

Subdivision (b) of section 402 of the Vehicle Code of California, based upon what was formerly section 1715¼ of the Civil Code, limits the liability of an owner of an automobile being driven by another with the permission of the owner, to $5,000. In other words, if Kipsey had left for the time being the course of his employment and was on a mission of his own for the purpose of obtaining his lunch, then and in that case the liability of the Pacific Gas & Electric Company would extend only to the sum of $5,000 in this case.

The facts are, as we have just stated, that Kipsey had for the time being ceased to read meters or make collections for the company, and was on his way home to obtain his lunch. In so doing, Kipsey was performing no duty assigned to him by his employer.

In the case of *Adams* v. *Tuxedo Land Co.*, 92 Cal. App. 266, [267 Pac. 926], this court had before it an almost identical case. The driver of a Ford car, which in that case was owned by himself, was an employee of the Tuxedo Land Company, would work for the company until about 12 o'clock, when he would quit his work and drive to a pumping-plant where he would eat his lunch. The only difference between the case at bar and the Adams case, *supra,* is that the pumping plant was the point of destination instead of Kipsey's home. The language used by the court in the case just referred to is applicable here and we quote from the opinion as follows: ''The defendant Stange drove to his work each morning in a Ford car owned by himself. The testimony shows that he would go to the storehouse to get such tools as he needed, put them in his car and drive to the place where the work was to be done. That about 12 o'clock he would quit his

work, get into his Ford car and drive to the pumping-plant and there eat his lunch, after which, at about 1 o'clock, he would return to his work. . . . At the time of the accident, which occurred during the noon-hour, the defendant Stange was driving in his own Ford car from his work to the pumping-plant for the purpose of eating his lunch. . . . He was not transacting any business for the Company. . . . *He was not going to the pumping-plant on any mission for the company, nor was he transporting any property belonging to the Company, but was going there to eat his own lunch.* . . . The court found that the time of the collision the defendant John Stange was not operating his Ford car in the service of the defendant corporation, but was operating same *upon his own independent mission.*"

The fact that in the Adams case, *supra,* Stange was driving his own car is not material upon the point being here considered. Such fact only relieved the Tuxedo Land Company from any liability.

In the recent case of *Peccolo* v. *City of Los Angeles,* (Cal. App.) 59 Pac. (2d) 149 (hearing granted by the Supreme Court, 8 Cal. (2d) 532 [66 Pac. (2d) 651]), an opinion of the District Court of Appeal adopted as a decision of the Supreme Court, we find the following: "It is well settled by the authorities that an employee, while taking time away from his work for meals, is not in the service of his employer and that the latter therefore is not responsible for negligence of the employee during such periods of absence from work. (*Adams* v. *Tuxedo Land Co., supra; Helm* v. *Bagley,* 113 Cal. App. 602 [298 Pac. 826] ; *Martinelli* v. *Stabnau* (11 Cal. App. (2d) 38) [52 Pac. (2d) 956].) The present case clearly falls within the foregoing rule. The evidence therefore fails to support the finding of the trial court that Johnson at the time of the accident was acting in the course and within the scope of his employment. The legal limit of defendant's liability to plaintiff was therefore $5000.00.''

The fact that the judgment is more than the limited liability of a defendant does not necessitate a reversal, but justifies simply a modification of the damages awarded. The principles which we have just stated are likewise supported by the cases of *Webster* v. *Harris,* 119 Cal. App. 46 [6 Pac. (2d) 88], *Harweld* v. *Milani,* 1 Cal. App. (2d) 157 [36 Pac.

(2d) 393], and *Milburn* v. *Foster*, 8 Cal. App. (2d) 478 [47 Pac. (2d) 1106].

The foregoing cases, in view of the facts which we have set forth herein, dictate the amount of the judgment that should be allowed to stand against the defendant Pacific Gas & Electric Company.

While the question has not been urged for our consideration that there has been a miscarriage of justice by reason of the erroneous instruction of the court, we have looked into the transcript and conclude from our investigation thereof that in this case there has been no miscarriage of justice; that both the defendants are clearly liable for the injuries inflicted upon the plaintiff. The only difference between the liability of the two defendants is the limit fixed by the Vehicle Code in favor of the defendant Pacific Gas & Electric Company.

Both in the Milburn and the Peccolo cases, *supra,* there was just one verdict against both employee and employer in excess of $5,000, and as to the owner of the car, the verdict was reduced to $5,000, and as we have stated, this procedure was approved in the Peccolo case upon hearing granted after decision in the District Court of Appeal.

It follows from what we have stated that the judgment in this cause, as against the defendant, Pacific Gas & Electric Company, should be reduced to the sum of $5,000, with interest from date of judgment, and plaintiff's costs of suit in the trial below, provided that any satisfaction of the judgment against either defendant shall be applied to the satisfaction of the judgment against the other defendant to the same amount, to the intent and purpose that the plaintiff shall recover only the sum of $10,000, interest and costs in the court below, by reason of the judgment in this cause.

As so modified the judgment stands affirmed.

Costs on appeal are not allowed to either party.

Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1937, and the following opinion then rendered therein:

THE COURT.—The record in this case shows that there is absolutely no merit in the appeal by the defendant, Aaron

574

S. Kipsey. ██ His personal liability is entirely unaffected as to whether he was or was not in the course of his employment at the time his negligent act caused the collision which resulted in the injuries to the plaintiff. That a joint statutory bond on appeal may have been given herein which secures the payment of the judgment against the defendant Kipsey, furnishes no basis either for a reversal of the judgment as to him or the granting of the petition for a rehearing. As to the appellant, Pacific Gas & Electric Company, its liability as the owner of the automobile driven by the defendant, Kipsey, is limited by law to the sum of $5,000, and this liability is in nowise added to, or lessened by the order of this court in modifying the judgment from what it would have been if the order of this court had reversed the judgment in so far as it affected the Pacific Gas & Electric Company, and directed the trial court to enter judgment against the company in the sum of $5,000.

The petition for a rehearing herein is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937.