[Civ. No. 6890. Third Dist. July 16, 1943.]

LACHMAN SINGH et al., Appellants, v. JAMES FURUTA et al., Defendants; FRANK POOLE, Respondent.

696

Manwell & Manwell for Appellants.

Hewitt & McBride for Respondent.

ADAMS, P. J.—Plaintiffs sued defendants Furuta and Poole for damages for personal injuries sustained by plaintiffs when the automobile in which they were riding collided with an automobile owned and driven by defendant Furuta, it being alleged that the said accident was due to the negligence of Furuta, and that, at the time of the accident, Furuta was "the duly authorized agent and employee" of defendant Poole and was "acting within the scope of his employment."

The action was tried by the court sitting without a jury, and at the conclusion of the trial findings were made in favor of plaintiffs as to all of the allegations of their complaint except that it was found "that at the time of said accident said defendant, James Furuta, was not acting as the agent of said Frank Poole nor was he acting within the scope of his employment by said Frank Poole."

Judgment was entered awarding damages to plaintiffs

against Furuta alone, and plaintiffs have appealed contending that the trial court erred in failing to hold defendant Poole also liable for the damages awarded. It is stated by appellants in their closing brief that as to the law, counsel for the respective parties are ''more or less'' agreed, and that the sole question is whether the facts justified the judgment of the court. It seems to be conceded that unless the evidence establishes that at the time of the accident Furuta was engaged in the business of his employer and in carrying out the orders of such employer, defendant Poole incurred no liability. The question then seems to resolve itself into one of fact; and it is not within the province of this court to weigh such evidence, but merely to determine whether there is any substantial evidence to sustain the contested finding of the trial court, considering the evidence in the light most favorable to respondent and disregarding conflicts therein. We shall so consider the evidence produced in this case.

Defendant Poole owned and operated two peach orchards, one known as the ''Home Ranch'' and the other as the ''Penny Ranch.'' Furuta was employed by Poole as a laborer. He lived at a home of his own, and drove to his work each day in his own automobile. He worked sometimes on the Home Ranch and sometimes on the Penny Ranch, as directed by his employer. On the day preceding the accident (a Saturday) he was engaged in thinning peaches on the Penny Ranch, and at the end of that day, according to his own testimony, was told by Poole that if it was a quiet day next day he would spray at the Home Ranch. On said following morning he left his home before six o'clock, on his way to the Home Ranch. Instead of going directly to the Home Ranch he went first to the Penny Ranch, and was proceeding thence to the Home Ranch when the accident occurred. He stated that the only reason he went to the Penny Ranch was because he thought he would go around that way to see what Dan (another of Poole's employees) thought about it being a clear day; and that he was going to the Home Ranch anyway; that he was due to report at the Home Ranch at 6:30; that he did not work at the Penny Ranch that morning, as he had seen that it was a quiet day and had decided to spray at the Home Ranch. He also testified that when traveling to and from work Poole's employees used their own cars, and when traveling between ranches, or on Poole's time, they used Poole's

698

trucks for transportation; that he always had reported at the Home Ranch before going to work, and that he checked in there on the morning of the accident at seven o'clock. Defendant Poole testified that his records showed that Furuta reported at the Home Ranch on that day at seven o'clock; that his pay did not commence on any day until he started to work after so reporting; that all employees were required to report at the Home Ranch before going to work, and that if Furuta was to work at the Penny Ranch he was supposed to come first to the Home Ranch and obtain a truck to transport him to the Penny Ranch; that when traveling between the ranches employees used vehicles furnished by him. He did not recall telling Furuta the night before the accident that if it was quiet to spray on the Home Ranch, otherwise to thin on the Penny Ranch; but he stated that if Furuta was to work on the Penny Ranch he was supposed to come to the Home Ranch and get a truck to go over there, and that it was never the habit of employees to use their own cars to go back and forth between the ranches; that anyone going to work got his orders at the Home Ranch and then went to work; that the accident occurred on a Sunday morning, and that Furuta was not supposed to work on that day unless the wind did not blow, in which event he was to come to the Home Ranch. There was no contradiction of the testimony that Poole's employees were supposed to use his trucks when going to and from the two ranches during working hours and were supposed to report for work at the Home Ranch. Poole did not furnish gas for Furuta's car nor compensate him for its use, and Furuta's pay did not commence until he started work on the ranch, which was usually at 6:30 a. m.

■ Appellant contends that the evidence shows that Furuta was acting on orders when he went first to the Penny Ranch; and that he went there to thin peaches and decided, after arriving there, to go to the Home Ranch instead; but the weight and sufficiency of the evidence, the construction to be put upon same and the inferences to be drawn therefrom were matters for the trial court, and that court found contrary to the construction of the evidence contended for by appellant. Since there is evidence to support the finding of the court it is conclusive here.

■ Assuming then, as we must, that at the time of the accident Furuta was on his way to the Home Ranch to report for work, and that the trip to the Penny Ranch was not on

the business of his employer nor pursuant to any instruction given by him, it is apparent that at the time of the accident, though he was going from the Penny Ranch to the Home Ranch, Furuta was in fact merely going to work and was not acting within the scope of his employment, which employment did not begin until he reported for work at the Home Ranch. In going from his home to his work he was performing no service for his employer, and the latter incurred no liability. (See *Nussbaum* v. *Traung Label etc. Co.,* 46 Cal.App. 561, 571 [189 P. 728] ; *Adams* v. *Tuxedo Land Co.,* 92 Cal.App. 266 [267 P. 926] ; *Mauchle* v. *Panama-Pacific International Exposition Co.,* 37 Cal.App. 715 [174 P. 400] ; *Peccolo* v. *City of Los Angeles,* 8 Cal.2d 532 [66 P.2d 651] ; *Postal Telegraph Cable Co.* v. *Industrial Acc. Com.,* 1 Cal.2d 730 [37 P.2d 441] ; *Eby* v. *Industrial Acc. Com.,* 75 Cal.App. 280 [242 P. 901] ; *New York Indemnity Co.* v. *Industrial Acc. Com.,* 87 Cal.App. 105 [261 P. 1106].)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.