[Civ. No. 7779.   Third Dist.   Jan. 8, 1951.]

CORENA L. DAVIS, Respondent, v. C. C. WOODCOCK,
Appellant.

Falk & Falk for Appellant.

Robert G. Partridge and Wallace O'Connell for Respondent.

PEEK, J.—The defendant has appealed from a judgment in favor of the plaintiff in an action for personal injuries.

By her complaint plaintiff alleged that through the negligence of defendant, while riding with him as a passenger for consideration, she was caused to suffer certain personal injuries. The demurrer of defendant was overruled and he answered denying generally the allegations of said complaint.

At the conclusion of the hearing the court found that plaintiff was a passenger for consideration; that the purpose of the carriage of plaintiff by defendant was business and not social; that defendant was negligent in the operation of the car and that his negligence was the principal cause of plaintiff's injuries. From the findings the trial court concluded that plaintiff was entitled to damages in the sum of $4,480.13 and judgment was entered accordingly. █ Although the record shows that a motion for new trial was filed, the record contains no mention of the disposition thereof and we assume the same denied after 60 days in accordance with section 660 of the Code of Civil Procedure. Defendant now raises two contentions (1) that as a matter of law plaintiff must be held to be a guest under the provisions of section 403 of the Vehicle Code, and (2) that the evidence does not establish that defendant was negligent or that any negligence was the proximate cause of the accident. We are convinced that both of said contentions must be answered in the negative.

Section 403 reads as follows:

"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that any such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

█ The evidence relative to the first contention of appellant shows without dispute that plaintiff and defendant were employed by the same concern, which was located in Arcata, a distance of approximately 8 miles from her home in Eureka. At the time of the accident plaintiff was riding with defendant for the sole purpose of going to work in Arcata. The record further shows the admission by defendant that he agreed to the proposition of his employer that if he would take plaintiff from Eureka to Arcata and return the employer would provide defendant with gas and oil. Defendant further testified that he regularly carried other employees for a cash compensation. Furthermore defendant admitted in a written statement to his insurance agent that he was transporting plaintiff under such an arrangement. Plaintiff testified to a conversation with defendant wherein she asked him if she should pay for her transportation and he said "no," that Mr.

Giffin (their employer) was reimbursing him. She also testified that defendant told her he was under obligation to transport her even on days when he was not working. She additionally testified that her remuneration was a specified salary plus transportation and that she could not have accepted the job without the provision for transportation. The evidence further shows that the trip was for the mutual benefit of the parties.

It is the well established rule that "where the relationship between the parties is one of business and the transportation is supplied in the pursuit thereof for their mutual benefit, compensation has been given and the plaintiff is a passenger and not a guest." (*McCann* v. *Hoffman,* 9 Cal.2d 279-286 [70 P.2d 909].) Also it is the rule that the compensation referred to in section 403 of the Vehicle Code need not flow from the passenger but may be supplied by a third person. (*Peccolo* v. *City of Los Angeles,* 8 Cal.2d 532 [66 P.2d 651].) It necessarily follows, under the facts as shown by the record, the finding of the trial court that plaintiff was a passenger for consideration and not a guest must be sustained.

If then plaintiff was a passenger it necessarily follows that defendant owed her the duty of ordinary care. This conclusion poses defendant's second contention that the evidence does not establish that he was negligent or if so that such negligence was the proximate cause of the accident. No extended summary of the testimony appears to be necessary. Suffice it to say that the evidence as shown by the record in regard to this contention is typical of such cases—conflicting in every material aspect. Under such circumstances citation of authority would seem unnecessary to support the oft repeated statement of the rule that findings predicated upon substantial, although conflicting, evidence will not be disputed on appeal.

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.