[Civ. No. 3037. First Appellate District, Division Two.—September 24, 1919.]

## SECURITY COMMERCIAL & SAVINGS BANK OF SAN DIEGO (a Corporation), Respondent, v. WM. SEITZ et al., Appellants.

[1] VENDOR AND VENDEE—REPRESENTATIONS BY REAL ESTATE OPERATOR —MORTGAGEE NOT PARTY—NONLIABILITY.—Where the original mortgagee was not interested in the land purchased by the mortgagor and had no knowledge of the representations made by the real estate operator who conducted the transaction, and the latter was not its agent in the transaction, neither such mortgagee nor its assignee are chargeable with the fraud of such real estate operator.

[2] PLEADING—ACTION TO FORECLOSE MORTGAGE—AFFIRMATIVE RELIEF BASED ON FRAUD—ELECTION OF REMEDIES.—In an action to foreclose a mortgage given as security for the payment of a promissory note executed by the defendants as part payment for the property, such defendants, in seeking affirmative relief by way of cross-complaint on account of alleged fraud in connection with the transaction, are required to elect which one of two remedies they intend to seek—damages after rescission or damages after affirmance. They cannot seek both.

[3] ID.—DELAY IN DISCOVERING FRAUD—BURDEN OF PLEADING AND PROOF.—Where such relief was not sought within three years of the making of the alleged fraudulent representations, it was necessary to allege and prove, not only that the fraud was not discovered within the three-year period, but that it could not have been discovered within that time by the exercise of reasonable diligence.

[4] ID.—PRESUMPTION AGAINST FRAUD—EXERCISE OF DUE DILIGENCE— PLEADING.—The presumption is always against fraud, and one who seeks relief against the effects of fraud must allege it and prove it by clear proof and satisfactory evidence. He must clearly show

43 Cal. App.—23

that he did not discover the existence or commission of the alleged frauds within a reasonable time before the action was begun, that he proceeded promptly upon such discovery, and that his failure to make the discovery sooner was not due to his own lack of diligence. All this must be shown, not merely by a bare statement of such conclusions, but by a detailed statement of the facts and circumstances which caused the ignorance, which prevented an earlier discovery, and which constitute the diligence in seeking an earlier discovery.

[5] ID.—WANT OF PLEADING AND PROOF—DENIAL OF RELIEF.—Where the persons seeking relief on the ground of fraud alleged not to have been discovered until more than three years after it was committed not only fail to allege why they did not sooner discover the fraud or that they exercised diligence in seeking a discovery, but wholly fail to make any offer of proof upon either of these matters, the trial court is fully justified in denying their relief upon this plea.

[6] GUARANTY—CONSIDERATION—DISMISSAL OF PENDING ACTION.—Dismissal of an action to foreclose a mortgage given as security for the payment of a promissory note constitutes a sufficient consideration for a written agreement by the title owner of the property about to be foreclosed guaranteeing the payment of that and another promissory note executed by the defendants to plaintiff's assignor.

[7] ID.—CONSIDERATION IMPLIED FROM WRITING.—Where such contract of guaranty was in writing, the writing itself imports a consideration.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hendee & Rodabaugh and Henry C. Ryan for Appellants.

Ray M. Harris for Respondent.

NOURSE, J.—This is an action to foreclose a mortgage given to secure the payment of a promissory note for ten thousand dollars executed by the defendants, A. F. Mack and Wm. Seitz, Jr., and to enforce the payment of a written guaranty for the payment of said note subsequently executed by the defendant, Wm. Seitz, Sr. The note was executed and delivered to the Blochman Banking Company, a co-

---

6. Forbearance as sufficient consideration for contract of guaranty, notes, Ann. Cas. 1916A, 970; 19 L. R. A. (N. S.) 842.

partnership consisting of L. A. Blochman and J. A. Heap. This bank was subsequently incorporated under the name of Blochman Commercial & Savings Bank, and thereafter the name was changed by a decree of court to Security Commercial & Savings Bank of San Diego, the plaintiff and respondent herein.

The circumstances surrounding the execution of the note and mortgage are as follows:

One del Fungo, a real estate operator, induced the defendants, Mack and Seitz, Jr., to purchase some ninety acres of land situated in San Diego County at the agreed price of twenty-two thousand five hundred dollars. Payment therefor was made by these defendants by the execution and delivery of three promissory notes, dated November 15, 1912; one for six thousand dollars, which was delivered directly to del Fungo; one for six thousand five hundred dollars, due in six months; and one for ten thousand dollars, due in two years. The two latter notes were executed in favor of and delivered to the Blochman Banking Company. The one for six thousand five hundred dollars was unsecured and has been paid, and the one for ten thousand dollars was secured by a mortgage on the land purchased, and is the subject of this litigation. At the time of this transaction del Fungo was indebted to the Blochman Banking Company in the sum of $14,520. When the notes above mentioned were executed they were deposited in escrow with a trust company in San Diego, together with the evidences of indebtedness of del Fungo to the bank, an additional cash advance from the bank to del Fungo and the deed of del Fungo, the owner, conveying the property to Mack and Seitz, Jr., with instructions to the trust company to deliver the documents to the parties entitled thereto upon the deposit of the respective evidences of indebtedness. Through this transaction the indebtedness of del Fungo to the bank was canceled. In lieu thereof the bank took the two notes, amounting to sixteen thousand five hundred dollars, and Mack and Seitz, Jr., took a deed transferring the title of the property to them.

The note for six thousand five hundred dollars was not paid when due, and the Blochman Commercial & Savings Bank, as assignee, commenced an action to enforce its collection against Mack and Seitz, Jr., on the tenth day of March, 1914. On the twenty-seventh day of March, 1914, Wm. Seitz,

Sr., guaranteed in writing the payment of both notes. In consideration of this guaranty the action on the six thousand five hundred dollar note was dismissed and the bank agreed to extend for one year the time of payment of the ten thousand dollar note, provided certain other conditions were complied with. On the day before this guaranty was made the title to the land covered by the mortgage passed by regular transfer to the guarantor, Wm. Seitz, Sr. The trial court found that the guaranty was given in consideration of the dismissal of the action mentioned, and that Wm. Seitz, Sr., received adequate consideration therefor. Judgment went for plaintiff against all three defendants, from which they gave notice of their desire to severally and separately appeal.

No answer appears in the record, but by way of cross-complaint defendants set up fraud in the purchase of the land, asked damages against Blochman and Heap, who composed the copartnership known as the Blochman Banking Company, and demanded the cancellation of the note and mortgage as against the plaintiff, Security Commercial & Savings Bank of San Diego. The allegations of fraud are that del Fungo took defendants Mack and Seitz, Jr., out to see the land sold and pointed out to them other and better land than that described in the deed and mortgage. It was also alleged that del Fungo represented to said defendants that the land he was offering them for twenty-two thousand five hundred dollars was worth more than fifty thousand dollars, whereas in fact the land actually conveyed was worth much less than twenty-two thousand five hundred dollars, the purchase price paid by defendants. In order to state a case against the cross-defendants, Blochman and Heap, it was alleged that del Fungo was their agent and employee, that the false representations were made in their behalf, and that they knew they were false.

Treating the alleged cross-complaint as an equitable defense to plaintiff's cause of action because of the allegations of fraud in the execution and delivery of the note and mortgage (and we assume this was what was done by the trial court, although the record is silent upon this point), it is evident that this defense rests entirely upon the proposition that del Fungo was the agent of Blochman and Heap, that the false representations were made in their behalf, and that they knew them to be false. The trial court found against

defendants on all of these allegations, and this finding is amply supported by the evidence.

Appellants' position seems to be that, the note being non-negotiable, the respondent is charged with knowledge of all of the legal defenses available to the mortgagors. In support of this they cite numerous authorities holding that one who is about to take the assignment of a mortgage is bound to inquire of the mortgagor if he has any legal defenses to the mortgage, and that if he fails to do this, he takes the mortgage subject to all legal objections or infirmities which could have been set up against it in the hands of the original mortgagee, being charged with all facts which such an inquiry would have disclosed.

[1] The facts of this case, as found by the trial court, show clearly that the rule of these decisions is not applicable here. The original mortgagee was the Blochman Banking Company, a copartnership, and not del Fungo, the party who is alleged to have committed the fraud. Against the bank appellants could raise no different defenses than they have raised against the assignee of the bank. If, as is found by the court, the original mortgagee was not interested in the land purchased and had no knowledge of the representations of del Fungo, and he was not its agent in this transaction, it was not chargeable with the fraud of del Fungo.

All that has been said herein regarding the defense of fraud has been said on the assumption that the alleged fraud was properly pleaded. But the cross-complainants in the same pleading and in the same cause of action set up the alleged fraudulent representations and the damages resulting therefrom, seeking a rescission or cancellation of the note and mortgage as against one cross-defendant and damages for the fraud as against the others. They alleged that they did not discover the fraud until more than three years after it was committed, but did not explain why an earlier discovery was not made.

[2] In seeking affirmative relief cross-complainants were required to elect which one of two remedies they intended to seek—damages after rescission or damages after affirmance. They could not seek both. (*Hines* v. *Brode,* 168 Cal. 507, 512, [143 Pac. 729].)   [3] Whether the pleading be treated as a cause of action for rescission or one for fraud after affirmance, it was necessary to allege and prove, not only that

the fraud was not discovered within the three-year period, but that it could not have been discovered within that time by the exercise of reasonable diligence. (*Montgomery* v. *Peterson,* 27 Cal. App. 671, 676, [151 Pac. 23]; *Truett* v. *Onderdonk,* 120 Cal. 581, 589, [53 Pac. 26].)

[4] The presumption is always against fraud. This presumption is as strong as that of innocence of crime. One who seeks relief against the effects of fraud must allege it and prove it by clear proof and satisfactory evidence. "They must clearly show that they did not discover the existence or commission of the alleged frauds until within a reasonable time before the action was begun, that they proceeded promptly upon such discovery, and that their failure to make the discovery sooner was not due to their own lack of diligence. All this must be shown, not merely by a bare statement of the conclusions as we have stated them, but by a detailed statement of the facts and circumstances which caused the ignorance, which prevented an earlier discovery, and which constitute the diligence in seeking a discovery." (*Del Campo* v. *Camarillo,* 154 Cal. 647, 657, [98 Pac. 1049, 1054].) [5] Cross-complainants not only failed to allege why they did not sooner discover the fraud or that they exercised diligence in seeking a discovery, but they wholly failed to make any offer of proof upon either of these matters. The trial court was fully justified in denying them affirmative relief upon this plea. As a defense to the main action they are in no better position. The trial court having found that respondent's assignor was not connected with the alleged fraud, respondent was justified in relying upon the presumption against fraud and the long acquiescence of the parties who claim to be the victims of the fraud, unexplained by any acts which would overcome this presumption.

[6] In support of the appeal on behalf of the appellant, Seitz, Sr., it is urged that there was no consideration for his guaranty of payment except that based on fraud, but the facts are, as the trial court properly found, that this guaranty was given in consideration of the dismissal of a certain action then pending in San Diego County in which Mack and Seitz, Jr., were defendants and this property was under attachment, Seitz, Sr., having previously become the title owner of the property. These facts clearly support the finding of the court that Seitz, Sr., received full and adequate consid-

eration for the guaranty.   [7]  Furthermore, the complaint alleges that the guaranty was in writing and sets it forth in *haec verba.*  The writing itself imports a consideration. The allegations of the complaint are not denied, and the want of consideration for the guaranty is not put in issue by the defendants.

For the reasons given the judgment is affirmed.

Brittain, J., and Langdon, P. J., concurred.