[S. F. No. 13737.   In Bank.—February 11, 1931.]

LILIAN MONTGOMERY, Appellant, v. E. P. NELSON
et al., Defendants; AMERICAN TRUST COMPANY (a
Corporation), Respondent.

James M. Wallace and Lovell & Lovell & Wallace for
Appellant.

Ford & Johnson for Respondent.

SEAWELL, J.—This appeal is from a judgment of non-
suit entered in favor of American Trust Company, a corpo-
ration.   Said trust company conducts a banking business in
its building located at the northwesterly corner of Grant
Avenue and O'Farrell Street, a busy locality, in the city

and county of San Francisco. The building is so constructed as to form a recess at the Grant Avenue and O'Farrell juncture. This unoccupied space adds to the sidewalk width over which the public freely pass and repass. Within said recess and fastened to the building the trust company maintains a mechanical advertising device. The case which incloses this device is an ornamental structure, box-shaped, with its base resting upon the trust company's property. There is no barrier or marks distinguishing the space occupied by the case and immediately adjacent thereto from the sidewalk in general. It is approximately eight feet in height and a lesser dimension in width. The upper half of said case is finished with a plate glass through which the display is exhibited. This window is hung from the top by two hinges and opens upward and outward over the sidewalk. Its projection over the sidewalk when raised to a position perpendicular to the wall lines of the building is about two feet. The lower half of said case is of wood construction with double doors. Such appliances as are necessary or convenient for use in the maintenance of said device are kept in the lower portion of said case. A Mr. Waters, an employee of the trust company, originated the exhibits and installed the mechanical figures. On June 5, 1928, said device was out of repair and refused to function properly. Nelson and Green, copartners, from whom the exhibits were purchased, were notified of the mechanical trouble and they sent their employee, James Lowman, to put the mechanical device in working order. Mr. Lowman obtained the key to the case from the trust company. The trust company provided and kept in said case an iron rod approximately three feet in length which was used to keep the window raised when arranging or changing the exhibit, which was quite frequently done, and to repair the mechanical device as occasion might require. The window was raised by placing one end of the rod against the window frame and the other against the case. This arrangement raised the window to a horizontal position with the walk, causing it to project over the sidewalk about two feet at an elevation of approximately five feet two inches above the sidewalk level. Appellant, a stenographer by occupation, was on June 5, 1928, at about the hour of 1:30 P. M., on her way to a bank situate on O'Farrell Street, and as she

turned said corner on her journey her head came into violent contact with the overhanging window, thereby inflicting personal injuries upon her.

Although there is no dispute of the fact that Nelson and Green employed the workman who negligently placed the window in a position which made it a menace to passersby, nevertheless the irresistible inference which flows from the evidence is that the workman made use of said appliance prepared and furnished by the trust company as a proper method of holding said window open in order to gain access to the interior of the case as its use should require. It further appears that red cloths were kept by the trust company in the case which were to be attached to each side of the window when open as warning signals. That circumstance is tantamount to an acknowledgment on the part of the trust company that a dangerous situation was created by the use of the rod in the manner described, and that additional precautions were reasonably necessary to avert personal injury to pedestrians. The workman Lowman first testified that he thought he used one of the red cloths as a warning signal, but finally admitted that he had no recollection on the subject. The appellant testified that she saw no such signal. This being an appeal from a judgment of nonsuit, all the evidence and every reasonable inference must be construed most favorably to appellant's case. The window projecting over the sidewalk constituted a nuisance. (Sec. 3479, Civ. Code.) The respondent knew that if the rod which it furnished for use was used in the manner in which it was designed to be used, and as it had been used on other occasions, it constituted a hazard to the safety of pedestrians. This being so it should in some form or manner have signified its disapproval of its use, rather than to have impliedly, at least, encouraged it. This is a question which should have been submitted to the jury.

Judgment reversed.

Richards, J., Preston, J., Curtis, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.