[S. F. No. 14821. In Bank.—June 22, 1934.]

ALBERT N. JOHNSON et al., Appellants, v. MABEL DeWITT EHRGOTT et al., Respondents.

T. L. Christianson for Appellants.

Robert B. Gaylord for Respondents.

LANGDON, J.—This is an action for damages for fraud. Plaintiffs alleged that on January 18, 1927, they entered into an agreement with defendants to exchange an apartment house for a farm; that deeds were executed and delivered; that certain representations made by defendants as to the character and quality of the land and the trees growing thereon were false, and knowingly made; that they were relied upon by plaintiffs, and that plaintiffs were damaged. The action was filed November 28, 1930. In order to avoid the bar of the statute of limitations, plaintiffs alleged that they did not themselves work on the land during 1927, but had it cultivated by contract during that year, and did not discover the fraud until some time in 1928, within three years before the commencement of the action.

The complaint, as above described, is the tenth amended complaint. Each of plaintiffs' prior complaints was successfully attacked by general and special demurrers. The trial court in each case permitted plaintiffs to amend, until, at the time the ninth amended complaint was held insufficient, the court declared that it would permit but one more pleading. This, the tenth, was demurred to and the demurrer sustained without leave to amend. Judgment thereupon was given for defendants and plaintiffs appealed.

We may assume the sufficiency of the meager specifications of fraud, for the determinative point is the statute of limitations. The action for fraud and deceit must be commenced within three years after the discovery of the fraud, and if the plaintiff does not discover it when it is perpetrated, he must set forth the circumstances to excuse the late discovery. The court must determine from the allegations whether the delay was excusable or was caused by lack of diligence on the part of the plaintiffs. (*Lady Wash-*

*ington C. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809]; *Security Com. etc. Bank* v. *Seitz,* 43 Cal. App. 353 [185 Pac. 188].)

■ The complaint wholly fails to meet this test. It declares that plaintiffs did not cultivate the land in 1927, and that the parties who did failed to inform them of the condition. This is certainly not a showing of diligence. It does not explain the failure of plaintiffs to inspect their own property, and, indeed, the complaint is silent on the question whether the plaintiffs did inspect it, or whether they made any inquiry at all, and if not, why they did not.

■ The trial court, after giving plaintiffs repeated opportunity to plead circumstances sufficient to avoid the bar of the statute, finally concluded that there were no such circumstances, and refused to permit further amendments. The court's action was proper; there must be a limit to the number of amended complaints. (See *Davis* v. *Hibernia S. & L. Soc.,* 21 Cal. App. 444 [132 Pac. 462].)

The judgment is affirmed.

Preston, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.