[Civ. No. 11126. Second Appellate District, Division Two.—December 31, 1936.]

JOHN B. REILLY, Appellant, v. JOSEPH G. RICHARDSON, Respondent.

Wm. L. Connor, Fleming & Robbins and C. S. Tinsman for Appellant.

Bailie, Turner & Lake, J. Edw. Haley, Fickeisen & Richardson and Richard A. Turner for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendant after the trial court sustained a demurrer to plaintiff's second amended complaint without leave to amend.

The amended complaint alleged that in 1924 defendant fraudulently represented to plaintiff that he was the owner of certain basic patents and thereby induced plaintiff to assign his interest in an invention to him; it also stated the alleged fraud was discovered by plaintiff in 1934.

The two questions necessary for us to determine are:

*First: Was plaintiff's alleged cause of action barred by the statute of limitations, section 338, subdivision 4 of the Code of Civil Procedure?*

*Second: Did the trial court commit prejudicial error in sustaining the demurrer to the complaint as amended without leave to amend?*

The first question must be answered in the affirmative for the reason that, where the fraud alleged as the foundation for the cause of action occurs more than three years prior to the filing of the complaint, it is essential to allege facts from which the court can determine that by reasonable diligence the plaintiff could not have discovered the alleged fraud at an earlier date. (*Daily Telegram Co.* v. *Long Beach Press Pub. Co.*, 133 Cal. App. 140, 145 [23 Pac. (2d) 833]; *Se-*

*curity Commercial & Sav. Bank of San Diego* v. *Seitz,* 43 Cal. App. 353, 358 [185 Pac. 188]; *Kelly* v. *Longan,* 5 Cal. (2d) 274 [53 Pac. (2d) 971].)

In the instant case more than ten years elapsed from the time of the representations until discovery by plaintiff of their alleged fraudulent character, and the complaint is devoid of any facts from which the trial court might determine that plaintiff by reasonable diligence could not have sooner discovered the falsity of the statements.

The second question must be answered in the negative, since it is not reversible error to sustain a demurrer without leave to amend in the absence of a request by plaintiff for permission to file an amended complaint. (*Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698, 706 [16 Pac. (2d) 268].) In the instant case no request for leave to amend was made until after the judgment of dismissal had been entered, and the application, when made, failed to allege any mistake, inadvertence, surprise, or excusable neglect upon the part of plaintiff for not having sooner asked permission to amend his complaint. The trial court, therefore, properly denied the request.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.