[Civ. No. 11488. Second Appellate District, Division Two.—September 1, 1937.]

MARIE BURT, Appellant, v. MARY A. BAKER et al., Respondents.

Victor Bewley and Samuel A. Rosenthal for Appellant.

Bicksler, Parke & Catlin, Frank D. Catlin and William E. Woodroof for Respondents.

McCOMB, J.—From a judgment in favor of defendant after the trial court granted defendant's motion for a nonsuit in an action to recover damages for personal injuries plaintiff appeals.

Viewing the evidence most favorable to plaintiff, as we must in reviewing a judgment predicated upon the granting of a motion for a nonsuit (*Montgomery* v. *Nelson,* 211 Cal. 497, 499 [295 Pac. 1034]), the material facts are these:

November 29, 1935, at about 8:30 A. M., plaintiff, a tenant of an apartment owned by defendant Mary A. Baker, in whose employ the codefendant George A. Johnson was, while descending a stairway in the building in which her apartment was located, caught her heel on the loose edge of the stairway carpet, which caused her to fall and receive personal injuries. Approximately sixty days prior to the accident plaintiff had noticed the defect in the carpet and had called it to the attention of defendant Johnson, who in response to plaintiff's complaint told her that he would "fix it".

■ This is the sole question presented for determination: *Was plaintiff as a matter of law contributorily negligent?*

This question must be answered in the negative. There was a clear question of fact to be determined from all of the evidence by the trial court whether or not plaintiff as a reasonably prudent person was negligent in relying upon defendant Johnson's promise to fix the defective carpeting.

The rule of law is identical with and the facts are similar to those in *Reuter* v. *Hill*, 136 Cal. App. 67, 73 [28 Pac. (2d) 390], wherein it was held to be a question of fact for the determination of the jury whether the plaintiff acted as a reasonably prudent person in assuming that a janitor would keep his promise to remove excessive wax from a stairway upon which plaintiff subsequently fell and was injured.

Applying to this case the settled law that on a motion for a nonsuit all presumptions, inferences, and doubtful questions must be construed most favorably to plaintiff (*Richardes* v. *Richardes*, 211 Cal. 392, 394 [295 Pac. 816]), a finding that plaintiff acted as a reasonably prudent person in relying on defendant Johnson's promise to fix the defective carpet would have been sustained by substantial evidence. Plaintiff would not then have been contributorily negligent.

The record is devoid of any evidence upon which to predicate a judgment against the defendant Minnie E. Johnson.

For the foregoing reasons the judgments in favor of defendants Mary A. Baker and George A. Johnson are and each is reversed, and the judgment in favor of defendant Minnie E. Johnson is affirmed.

Crail, P. J., and Wood, J., concurred.