332

K. NEWMAN et al., Appellants, v. MYRON D.
SUNDE, Defendant; SEARS, ROEBUCK & CO. (a
Corporation), Respondent.

James M. Carter and Kiggens & Hoffman for Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Respondent.

McCOMB, J.—This is an appeal by plaintiffs from a judgment in favor of defendant Sears, Roebuck & Company after the trial court granted said defendant's motion for a nonsuit in an action to recover damages for the wrongful death of

Samuel M. Newman, deceased. Plaintiffs are decedent's only heirs at law.

Viewing the evidence most favorable to plaintiffs, as we must in reviewing a judgment predicated upon the granting of a motion for a nonsuit (*Montgomery* v. *Nelson*, 211 Cal. 497, 499 [295 Pac. 1034]), the material facts are these:

█ Defendant Myron D. Sunde was a commission salesman, selling vacuum cleaners for his codefendant, Sears, Roebuck & Company, both inside and outside of their store. Most of his time was spent on the outside soliciting sales.

March 17, 1936, he left Sears, Roebuck & Company store at approximately 1:10 P. M. to call upon prospective customers. At about 5:00 P. M. he finished his last call, having collected from a customer the down payment on a vacuum cleaner previously sold the party. He then decided to make a personal call on some friends by the name of Shevrick, as he was interested in purchasing a rug owned by them. He arrived at their house between 5:15 and 5:30, where he remained for about twenty minutes. After completing his visit with the Shevricks he decided to stop at the home of parties by the name of De Chazo. In February of 1936 he had sold the De Chazos a vacuum cleaner and at that time had learned that Mr. De Chazo was building a fishing boat, on the initial trip of which Mr. De Chazo invited him to be his guest. It was defendant Sunde's sole purpose in visiting the De Chazos' home to inquire about the progress being made in the building of the boat. While waiting for Mr. De Chazo to arrive home, he made an adjustment upon the vacuum cleaner which they had purchased. He remained at their home until about 7:00 P. M., at which time he left, and shortly thereafter while on his way home so negligently operated his automobile as to collide with Samuel M. Newman, who died as a result of the injuries he received.

The questions necessary for us to determine are these:

*First: Was there sufficient evidence to raise an issue for the jury upon the question of whether or not defendant Sunde was acting within the scope of his employment in driving his automobile at the time of the accident, which resulted in Samuel M. Newman's death?*

*Second: During the course of defendant Sunde's examination the following took place:*

"*Q. But in the sales meetings you would be given instructions by the supervisor, would you? A. Regarding what do you have in mind?*

"*Q. That is what I am asking you. Would you be given instructions in the course of those meetings? A. Yes, necessarily.*

"*Q. What were some of those instructions?*

"*The Court: That may be very interesting, but what are you driving at?*

"*Mr. Kiggens: We are asking what some of the instructions are.*

"*The Court: I am going to interpose the objection that it is wholly immaterial to the issues involved in this case, and sustain the objection. Let us get through with this matter.*"

*Was the trial court's ruling prejudicially erroneous?*

The first question must be answered in the negative. In the case of *Helm* v. *Bagley,* 113 Cal. App. 602 [298 Pac. 826], plaintiff was injured in an automobile collision. The action was against Bagley, the driver of one of the cars, and his employer, the Easy Housekeeping Shop. The evidence showed that Bagley was the district manager of the Easy Housekeeping Shop and had charge of several branch stores in the city of Los Angeles. He received a salary and commission on sales, together with an allowance of $50 per month for the use of his car when on the business of his employer. Bagley had no regular hours of work and sometimes worked at night. The accident occurred between 5:30 and 5:45 P. M. when he was on his way home from one of the branch stores in his district. It was his habit to carry samples of merchandise handled by his employer with him and at the time of the accident he had some vacuum cleaner attachments with him, which belonged to his employer. In affirming a judgment of nonsuit entered in favor of Bagley's employer, Mr. Justice Marks, at page 605, says:

"We think it is clear from the evidence in this case that Bagley was not acting for his employer and within the scope of his employment at the time of the accident in returning to his own home for his dinner. He was in his own automobile and on his own business, which in no manner pertained to the business of his employer. He had stepped

aside from his employer's business and had entered upon the performance of an independent purpose of his own."

It thus appears that *Helm* v. *Bagley, supra,* is squarely in point with the instant case and it impels us to the conclusion that at the time of the unfortunate accident, which resulted in Mr. Newman's death, defendant Sunde was not acting within the course or scope of employment as an employee of defendant, Sears, Roebuck & Company, since at the time of the accident he had departed from the pursuit of his employer's business and was engaged on matters entirely personal to himself.

The second question presented by plaintiff will not be considered by this court for the reason that it is the established law of this state, where a question to which an objection is sustained, does not itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal by an appellate court, an offer of what is proposed to be proven must first be made to the trial court so that the reviewing court can determine whether the proposed evidence would have been *material* and *beneficial* to the party offering it. (*Abrams* v. *Hubert,* 10 Cal. App. (2d) 404, 407 [51 Pac. (2d) 884].) In the present case the question did not indicate that the answer would be either material or beneficial to plaintiff nor was any offer of proof made.

We have been materially aided in disposing of this appeal by the able and exhaustive briefs filed by counsel for both parties.

For the reasons hereinbefore set forth the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 22, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 27, 1937.