[Civ. No. 13669.   Second Dist., Div. Two.   Apr. 16, 1943.]

ELLIOTT I. JOHNSON, Appellant, v. BUDELL WARE et al., Defendants; ODEAL M. JOHNSON, Respondent.

Charles E. Taintor, R. R. Sleeper and Raymond A. Nelson for Appellant.

Harold B. Pool for Respondent.

McCOMB, J.—From a judgment in favor of defendant, Odeal M. Johnson, predicated upon the granting of defendant's motion for a nonsuit, in an action for the reformation of a deed on the ground of mistake, plaintiff appeals.

Viewing the evidence most favorable to plaintiff, as we must in reviewing a judgment predicated upon the granting of a motion for a nonsuit (*Burt* v. *Baker*, 22 Cal.App.2d 501 [71 P.2d 335], the material facts are:

November 4, 1925, plaintiff and his brother, Cornelius A. Johnson, entered into a written agreement to purchase a parcel of real property located in the city of Los Angeles for the sum of $2,600. $300 was paid upon the execution of the contract and the balance was payable in installments. The agreement provided that the property was being purchased by "Elliott I. Johnson [plaintiff] and Cornelius A. Johnson, as joint tenants." All payments were made according to the terms of the contract, each of the vendees contributing a substantial amount to the purchase price.

On or about March 10, 1927, an attorney for the vendor prepared a grant deed to the property which recited that the property was granted to "Elliott I. Johnson and Cornelius A. Johnson." This deed was duly placed on record in the recorder's office of Los Angeles County April 15, 1927.

March 9, 1940, Cornelius A. Johnson died leaving a widow, Odeal M. Johnson, defendant herein.

June 25, 1940, pursuant to section 640 of the Probate Code, the probate court of Los Angeles County entered a decree

adjudging that defendant, Odeal M. Johnson, was the owner of an undivided one-half interest in the property theretofore deeded, as above described, to plaintiff and Cornelius A. Johnson.

August 19, 1940, plaintiff filed the present suit alleging that there was a mistake in the deed above mentioned and praying that the deed be reformed to show that the property described therein was deeded to plaintiff and Cornelius A. Johnson as "joint tenants."

Plaintiff relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim.

■ *First: Since the terms of the contract, by which the property was purchased, provided that the purchase was made by "Elliott I. Johnson and Cornelius A. Johnson, as joint tenants," the title vested as thus limited rather than under the deed which granted the property to "Elliott I. Johnson and Cornelius A. Johnson" without restriction.*

This proposition is untenable. The law is established that when a provision in a deed is certain and unambiguous it prevails over an inconsistent provision in a contract of purchase pursuant to which the deed was given. (*Riley* v. *North Star Mining Co.*, 152 Cal. 549, 556 [93 P. 194]; *Sisk* v. *Caswell*, 14 Cal.App. 377, 387 [112 P. 185].) In view of the foregoing rule, in the absence of a reformation of the deed, the nature of the title which plaintiff and his brother each acquired in the property they purchased, was determined by the language in the deed and not by the statements in the agreement of purchase.

■ *Second: Defendant, Odeal M. Johnson, is barred from asserting the defense of the statute of limitations, since such defense, being a personal privilege, was available only to her predecessor in interest.*

This proposition is likewise untenable. It is the general rule that the plea of the statute of limitations is a personal privilege. However, the rule does not extend to subsequent property rights over which the prior owner has no control. (*Brandenstein* v. *Johnson*, 140 Cal. 29, 32 [73 P. 744]; see also *McCarthy* v. *White*, 21 Cal. 495, 502 [82 Am.Dec. 754].) It is obvious that in the present case defendant Johnson's predecessor in interest has no control over the property which is the subject of the present litigation. Therefore, defendant Johnson was not barred from asserting the defense of the statute of limitations.

■ *Third: That plaintiff's cause of action was not*

*barred by the statute of limitations, section 338, subdivision 4, of the Code of Civil Procedure, since plaintiff did not know of the mistake until less than three years prior to the filing of the present action.*

This proposition is also untenable, and is governed by the following pertinent rules of law:

(1) Where the mistake alleged as the foundation for a cause of action occurs more than three years prior to the filing of the complaint, it is essential to allege facts from which the court can determine that by reasonable diligence the plaintiff could not have discovered the mistake at an earlier date. (*Lillis* v. *Silver Creek, Etc., Water Co.* 21 Cal. App. 234, 240 [131 P. 344]. Since for the purposes of section 338, subdivision 4, of the Code of Civil Procedure, "fraud" and "mistake" are in the same category, see also *Reilly* v. *Richardson,* 18 Cal.App.2d 352, 353 [63 P.2d 1180], and cases therein cited).

(2) To meet the requirements of the foregoing rule, it is not enough for plaintiff to allege that he did not discover the mistake prior to a designated date. (*Bradbury* v. *Higginson,* 167 Cal. 553, 558 [140 P. 254]; *Montgomery* v. *Peterson,* 27 Cal.App. 671, 675 [151 P. 23].)

In the present case the only allegation in the complaint, touching upon plaintiff's failure to sooner discover the alleged mistake, is as follows:

". . . that the plaintiff had no knowledge or notice of said mistake or that the said mistake had been made or that any defendant claimed any title or interest in the said premises until on or about the 14th day of May, 1940. . . ."

The evidence introduced by plaintiff, prior to the granting of the motion for a nonsuit, failed to disclose any other facts which would excuse plaintiff for failing to sooner discover the alleged mistake. Therefore, since more than thirteen years elapsed between the recording of the deed and the filing of the complaint in the present action, and facts were not alleged or proved which would have justified the trial court in finding that plaintiff was excused for not having sooner learned of the alleged mistake, plaintiff's alleged cause of action was barred by the statute of limitations, section 338, subdivision 4, of the Code of Civil Procedure.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.