[Crim. No. 4530.   Second Dist., Div. Two.   Dec. 11, 1950.]

THE PEOPLE, Respondent, v. ROY WILHELM FRE-DEEN, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial by the court without a jury, defendant was found guilty on four counts of rape and one count of violating section 288 of the Penal Code. Defendant was also found to be sane at the time of the commission of the offenses and sane at the time of trial. He appeals from the judgments of guilty.

The evidence being viewed in the light most favorable to the People (respondent) discloses that on four separate occasions defendant had an act of sexual intercourse with the complaining witness, a girl of the age of 13 years, and that on another occasion he committed an act prohibited by section 288 of the Penal Code.

■ *Questions:* First: *Was there substantial evidence to sustain the trial court's findings of guilty on each count?*

This question must be answered in the affirmative. (1) The complaining witness testified as to her age, and that on four different occasions defendant had an act of sexual intercourse with her. Such testimony is sufficient to sustain the verdicts of guilty on the first four counts.

(2) The complaining witness testified that on another occasion defendant started to have an act of sexual intercourse with her but did not finish. However, he touched her breasts and private parts. This testimony supported the trial court's finding of guilty of the charge contained in the fifth count of the information.

■ Second: *Did defendant have a trial on the issue raised by his plea of "not guilty by reason of insanity"?*

This question must be answered in the affirmative. After testimony had been taken and defendant found guilty of the charges set forth in the information, the following colloquy took place between court and counsel:

"The Court: I will appoint Dr. Marcus to make a mental and psychiatric examination of this defendant.

"Mr. Mathews: Your Honor, I think he has already made one.

"Mr. Howard: That's right, there is another issue here, too, not guilty by reason of insanity.

"The Court: Yes, we have to determine that. I did get the doctor's report here. Do you have those reports, Mr. Clerk?

''Mr. Howard: Stipulated it may be submitted on the doctor's report, if you want to do it.

''Mr. Mathews: Mr. Howard, that is a good suggestion. The doctor, as I recall, said he was sane at the time of the commission of the offense and sane at the present time, and the court would so find.

''Mr. Howard: Well——

''Mr. Mathews: Would the court consider those along with the probation report?

''The Court: Yes, I will. He did make reports. That is true. Let's see, Dr. Wyers, Dr. Crahan and Dr. Roe. That's right, we have it all here. We will consider those reports along with the probation officer's report in the matter. You will file the application soon, will you?

''Mr. Mathews: Yes, Your Honor.''

At page 10 of the clerk's transcript appears a minute order reading in part as follows: ''The Court finds defendant 'Guilty as charged in each count of the information' and finds defendant sane at time of the commission of the offenses and is presently sane.''

From the foregoing it appears that defendant stipulated that the issue of his sanity might be determined by the court upon the doctor's report then on file, and that from such report the trial court found defendant to be sane at the time of the commission of the acts alleged in the information and at the time of trial.

Defendant's contention that the court did not conduct a trial and did not rule upon the issue of his sanity is without merit since an appellate court must presume, under section 1963(15) of the Code of Civil Procedure, that official duty was duly and regularly performed in preparing the record on appeal, which record is binding upon this court. This record discloses that the trial court found defendant to be sane at all times here in question.

■ Third: *Did the trial court err in sustaining an objection to this question asked defendant on redirect examination, "Are you willing to go under a lie detector test?"*

This question must be answered in the negative. In the instant case the question did not indicate the answer that the witness would give, nor was there any offer of proof as to what the answer to the question would be. ■ Where a question to which an objection is sustained does not itself indicate the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed

on appeal an offer of what is proposed to be proven must first be made to the trial court so that the reviewing court can determine whether the proposed evidence would have been material and beneficial to the party offering it. (*Newman* v. *Sunde*, 23 Cal.App.2d 332, 335 [73 P.2d 260]; *People* v. *Heape*, 72 Cal.App. 226, 232 et seq. [237 P. 66]. *Cf. People* v. *Danielly*, 33 Cal.2d 362, 376 [202 P.2d 18].)

This rule is applicable to the situation that obtained in the instant case.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 9, 1951.