Filed 5/17/22  Raiano v. Ocwen Loan Servicing, LLC CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| HUMBERTO RAIANO, | B311671 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. |
| v. | No. 19VECV00832) |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant and Respondent. | |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Jr., Judge.  Affirmed.

　　　　Tamer Law and Steven Michael Tamer for Plaintiff and Appellant.

　　　　Houser, Robert W. Norman, Jr., and Neil J. Cooper for Defendant and Respondent.

_____

Humberto Raiano appeals from a judgment after the trial court sustained Ocwen Loan Servicing, LLC's (Ocwen) demurrer to his third amended complaint without leave to amend. We affirm.

**BACKGROUND**

Because this appeal comes to us after the trial court sustained a demurrer without leave to amend, we recite the facts as alleged in the third amended complaint and those matters that have been judicially noticed.

In 2006, Rosa Portillo purchased a house in Los Angeles (the property) from Raiano. Portillo obtained a loan secured by a first-position deed of trust against the property. Ocwen is the loan servicer and The Mortgage Law Firm, PLC (MLF) is the trustee for the purchase money loan. Portillo subsequently borrowed money from Raiano, and the loan was secured by a junior deed of trust on the property. In 2015, Portillo defaulted on the purchase money loan and the loan from Raiano. Raiano foreclosed on and took possession of the property.

In March 2016, Ocwen recorded a notice of default and, in November 2017, MLF recorded a notice of trustee's sale on behalf of the first lienholder. In December 2017, Raiano sued Ocwen and MLF, alleging a violation of Civil Code[1] section 2924b, subdivision (c)(2)(A) and(B) on the ground that they failed to serve him with the notice of default and notice of trustee's sale. Although it is not clear from the record, Ocwen represented, and Raiano did not dispute, that the parties settled the prior lawsuit after Ocwen

---

[1] All further statutory references are to the Civil Code.

agreed to rescind the notice of default and notice of trustee's sale.[2]

In August 2018, Ocwen recorded a new notice of default and, in May 2019, MLF recorded a notice of trustee's sale. In June 2019, Raiano sued Ocwen and MLF, alleging violations of sections 2924b and 2923.4 et seq. (California Homeowner Bill of Rights) (HBOR) on the ground that he did not receive the new notice of default and notice of trustee's sale. Ocwen demurred, arguing Raiano failed to allege that he suffered prejudice from the lack of notice because he had actual knowledge of the default and trustee's sale for years yet did not pay off the loan or bring it current to avoid the sale.

Before the trial court could rule on Ocwen's demurrer, Raiano filed a first amended complaint. The first amended complaint was nearly identical to the original pleading, merely adding allegations that the pending trustee's sale had been moved to a later date, and contained no allegations of how Raiano was prejudiced by the lack of notice. The parties stipulated that the first amended complaint needed revisions. Raiano served but never filed a second amended complaint. Ocwen demurred again on the same grounds as before. Because Raiano did not file the second amended complaint, the trial court ordered Raiano to do so and continued the demurrer hearing.[3] The trial court sustained the demurrer and dismissed Raiano's

---

[2] In conjunction with Ocwen's demurrer to Raiano's third amended complaint, the trial court took judicial notice of the prior lawsuit's complaint and docket. It also accepted Ocwen's representation that Ocwen rescinded the prior notice of default and notice of trustee's sale as part of the settlement of the first lawsuit.

[3] Over six months elapsed between the filing of the first amended complaint and the second amended complaint even though the allegations were identical.

HBOR cause of action with prejudice and granted him leave to amend his section 2429b cause of action only if he could allege prejudice.

Raiano filed a third amended complaint that was identical to the previous pleading except that it omitted references to the HBOR. Ocwen demurred on the same grounds. Raiano opposed the demurrer, claiming that he could file a fourth amended complaint that alleged that he would have paid the arrears if he had been served with the notice of default and the notice of trustee's sale. The trial court sustained the demurrer without leave to amend. As to Raiano's proposed amendment, the trial court found that, if the allegation was truthful, Raiano failed to explain why he has not brought the loan current despite actual knowledge of the default and trustee's sale for years.

The trial court entered judgment in favor of Ocwen and Raiano appealed.[4]

## DISCUSSION

We apply two standards of review on appeal from a judgment of dismissal after a demurrer is sustained without leave to amend. (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.) First, we review the complaint "de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law." (*Ibid.*) "Second, we

---

[4] Although Raiano's notice of appeal identified MLF as a respondent, his appeal is from a judgment in favor of Ocwen after the trial court sustained Ocwen's demurrer to his third amended complaint. MLF did not join in Ocwen's demurrer and has not made an appearance in this court.

4

determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend." (*Ibid*.) Under both standards, the appellant has the burden of demonstrating the trial court erred. (*Ibid*.)

Sections 2924 et seq govern nonjudicial foreclosure sales when a power of sale is contained in a deed of trust. The statutory framework provides creditors with a quick, inexpensive, and efficient remedy against a defaulting debtor; protects debtors from wrongful loss of the property; and ensures a properly conducted final sale to a bona fide purchaser. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.) The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee. (§ 2924, subd. (a)(1).) Within one month after the notice of default is recorded (§ 2924b, subd. (c)(1)), the trustee or authorized agent must mail the notice of default to the "successor in interest . . . of the estate or interest or any portion thereof of the trustor or mortgagor of the deed of trust or mortgage being foreclosed." (§ 2924b, subd. (c)(2)(A).) After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale. (§ 2924, subd. (a)(2)–(4).) The trustee must mail a copy of the notice of trustee's sale to the same persons entitled to receive a copy of the notice of default at least 20 days before the date of sale. (§ 2924b, subds. (b)(2) & (c)(2).) These notice requirements give the debtor several opportunities to cure the default and avoid the loss of the property. (*Moeller*, at p. 830.)

Raiano alleges a single cause of action against Ocwen and MLF for violating section 2924b, based on their failure to properly serve him with the notice of default and notice of trustee's sale. This procedural error, however, is insufficient to state a cause of action under section 2924b without an allegation of resulting

prejudice. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 96; *Orcilla v. Big Sur, Inc.* (2016) 244 Cal.App.4th 982, 1002.) Courts will not elevate form over substance when it is obvious that the plaintiff had actual notice of the default and the trustee's sale. (See *Knapp v. Doherty*, at pp. 94–95.) Beyond Raiano's conclusory allegation that the trustee's sale is prejudicial because he will lose the property, he has not alleged prejudice because of Ocwen's and MLF's alleged failure to properly serve him with the notices. Thus, the third amended complaint did not state a viable cause of action under section 2924b. The trial court did not err when it sustained Ocwen's demurrer.

Nor did the trial court abuse its discretion when it denied Raiano leave to amend. The trial court abuses its discretion when it sustains a demurrer without leave to amend if there is a reasonable probability that the plaintiff can amend the defective pleading to state a cause of action. (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1035.) The plaintiff bears the burden of demonstrating how the complaint can be amended. (*Ibid.*) Where there are repeated failures to allege a valid cause of action, the trial court may reasonably conclude that the plaintiff was unable to do so. (*Ruinello v. Murray* (1951) 36 Cal.2d 687, 690.) Further, unwarranted delay or lack of diligence in amending a pleading is a valid reason for denying leave to amend. (*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 245.)

Raiano asserts that he can allege that he would have brought the loan current by paying the arrears had he known about the default and the trustee's sale. We are not persuaded. The record shows that Raiano has known that the property was subject to imminent foreclosure since 2017 when he filed the first lawsuit and attached the prior notices to his complaint. However, despite

knowing about the pending foreclosure for years and filing two lawsuits that included five complaints, he never alleged that he could pay the arrears had he been served with the notices of default and trustee's sale. Raiano's general allegation that he would have paid the arrears had he been served with the notices is belied by his actual knowledge of the pending foreclosure and his failure to include that allegation in successive complaints over a period of years. These circumstances support the trial court's conclusion that Raiano's proposed new allegation is disingenuous and belies any honest claim of prejudice. Further, Raiano has not explained why, after repeated opportunities to amend his pleadings, he failed to allege that he could pay the arrears had he been served with the notices. This is not a case where the plaintiff refines or focuses his claims by amending his complaint after multiple demurrers. Indeed, Raiano filed nearly identical complaints that suffered from the same defect after he was repeatedly alerted to that defect by Ocwen and the trial court. While there is no set number of amended pleadings that a plaintiff may file, "there must be a limit to the number of amended complaints." (*Johnson v. Ehrgott* (1934)1 Cal.2d 136, 138.) The trial court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed. Ocwen Loan Servicing, LLC is awarded its costs on appeal.

NOT TO BE PUBLISHED.


KIM, J.*


We concur:


EDMON, P. J.


EGERTON, J.


_____

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.